FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

JAN  3 2011

JAMES N. HATTEN, Clerk
By:                    Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KALANI K. THOMAS, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-3711-TWT |
| STATE OF GEORGIA; NEWTON | : | |
| COUNTY SUPERIOR COURT, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff, Kalani K. Thomas, who is currently incarcerated at the Newton County Detention Center in Convington, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. For the purpose of dismissal only, Plaintiff's request to proceed in forma pauperis [Doc. 2] is **GRANTED**, and the matter is presently before the Court for a 28 U.S.C. § 1915A review.

## I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim

is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint

2

AO 72A
(Rev.8/82)

because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's Allegations

Plaintiff sues the State of Georgia and the Newton County Superior Court, challenging his criminal proceedings in state court. According to Plaintiff, the Newton County Superior Court improperly convicted him of a felony for theft by taking when the value of the theft indicated that it should have been a misdemeanor. Plaintiff seeks vacation of the sentence and damages.

## III. Discussion

Plaintiff's challenge to his state criminal proceedings cannot be brought in this § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

3

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition since it does not appear that Plaintiff has exhausted his state court remedies, which he must do prior to bringing a federal habeas corpus petition in this Court. See 28 U.S.C. § 2254(b)(1)(A).

To the extent Plaintiff seeks damages for his alleged unconstitutional state criminal proceedings, his action is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff does not contend that his theft by taking conviction in state court has been invalidated. Therefore, his claim for damages must fail.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**IT IS SO ORDERED,** this _2̸8̸_ day of _December_____, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4